United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTOR ALFONSO DUBON SERVELLON, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-7514 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GABRIEL MARTINEZ, *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Victor A. Dubon Servellon filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 8, 2026. Dkt 1. He states no allegations suggesting that he entered the United States with permission or is otherwise lawfully admitted. He acknowledges that he was ordered removed and states that he has appealed that order. Id at ¶4. He asserts that his current detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Immigration and Nationality Act, and (iii) 8 USC §1231(a). Id at ¶¶20–31

The petition was unclear as to whether the order of removal was administratively final. The Government was thus ordered to show cause with a filing establishing the propriety of his continued detention. Dkt 4 at 2.

Pending are motions by the Government to dismiss, to stay, and for summary judgment. Dkt 5. It maintains that Petitioner is lawfully detained under 8 USC §1225(b)(2). Id at 1. It states that Petitioner is subject to an order of removal of June 4, 2026. Id at 3; see Dkt 5-2. It also establishes that Petitioner filed an appeal on July 1, 2026. Id at 3; see Dkt 5-3.

Petitioner on reply reasserts arguments as to his due process claims, appearing to concede that his detention proceeds under §1225(b)(2). Dkt 6 at 5–11. Petitioner also notes that he was ordered removed on June 4, 2026, and that such order is on appeal. Id at 4.

The Fifth Circuit has issued a controlling decision with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; accord *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex) (as to §1225(b)(2)(A)). Such determination forecloses statutory arguments under the INA, along with any claim that the subject agency acted *ultra vires* in exercising detention authority in this context.

The Fifth Circuit has also issued a separate *en banc* decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, No 26-50183 (5th Cir Oct 23, 2026). With reference to detention pending conclusion of removal proceedings for aliens who have never been admitted, the decision holds that neither procedural nor substantive due process requires hearings or other process beyond those provided by Congress. Slip op at 11, 20–22. As to that category of aliens, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, *are* due process of law." Id at 12, quoting *DHS v Thuraissigiam*, 591 US 103, 138 (2020) (emphasis in original); accord *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex) (as to procedural due process). The Fifth Circuit also flatly stated, "Any assertion of a fundamental right to freedom from custody pending removal proceedings fails." Id at 24. And in broader context, it further observed, "So long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not

offend due process." Id at 30, quoting *Banyee v Garland*, 115 F4th 928, 933–34 (8th Cir 2024); see also *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex) (as to substantive due process).

Those decisions largely resolve the issues presented in this pending petition. To the extent that prolonged detention remains at issue, the framework of *Zadvydas v Davis* regarding detention pending removal governs. 533 US 678 (2001). The undersigned considered that decision at length in *Abuelhawa v Noem*, 2025 WL 2937692, *4–6 (SD Tex). That analysis is incorporated. In short, the Supreme Court interprets 8 USC §1231(a)(6) to limit post-removal order detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. It further holds in that regard that post-removal-period detention for six months is "presumptively reasonable." Id at 701. But after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid.

A removal order becomes administratively final "when the Board of Immigration Appeals dismiss[es] the appeal of the immigration judge's decision." *Agyei-Kodie v Holder*, 418 F Appx 317, 318 (5th Cir 2011), citing 8 USC §1101(a)(47)(b). Petitioner's removal order here isn't final as it currently remains on appeal. Dkt 6 at 4. "Consequently, any challenge to his continued post removal order detention is premature." Ibid, citing *Zadvydas,* 533 US at 701.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

* * *

Many petitioners for writ of *habeas corpus* in this context present sympathetic personal and family circumstances. Even so, application of §1225(b)(2)(A) comports with due process and supports the position of the

Government as to mandatory detention. Inquiry beyond that, as to whether such position is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply isn't the remit of an Article III court. It is instead the subject of legislation and the result of elections, both of which have consequences. See *Montoya Cabanas*, 2025 WL 3171331 at *6.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Victor A. Dubon Servellon is DENIED. Dkt 1.

All other pending motions are DENIED AS MOOT.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on October 28, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge